**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2435

_____

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

v.

SIGISMONDI FOREIGN CAR SPECIALISTS, INC.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-05578)
District Judge: Hon. Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2022

Before: HARDIMAN, PORTER, and FISHER, *Circuit Judges*.

(Filed: November 18, 2022)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

       Sigismondi Foreign Car Specialists, Inc. appeals the District Court's summary

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judgment in favor of State Auto Property and Casualty Insurance Company on State Auto's declaratory judgment action and statutory insurance fraud claim. Sigismondi also appeals the Court's order dismissing its counterclaim. Sigismondi disputes whether it knowingly made material misrepresentations when it submitted doctored invoices during the adjustment of its insurance claim. We agree with the District Court's analysis rejecting Sigismondi's arguments, so we will affirm.

I

This appeal concerns a commercial insurance policy issued by State Auto that provided coverage for Sigismondi's car repair shop. Sigismondi requested an insurance payment for water damage, but State Auto denied the claim, citing fraud.

The misrepresentations at issue occurred during the claims-adjustment process. Sigismondi and State Auto retained adjusters to value the damaged inventory. The adjusters first created a joint inventory—a list of all the damaged items for which Sigismondi sought insurance proceeds. State Auto's adjuster, Chad Foster, then researched prices of the same or similar products to determine either a "replacement value" (if Sigismondi replaced the item) or an "actual cash value" (if not). Sigismondi's adjusters, or Sigismondi itself, likewise valued the items.

Sigismondi valued certain items higher than Foster estimated or could verify. For these, Foster requested that Sigismondi's adjusters obtain "invoice support" from Sigismondi. Sigismondi responded with what appeared to be original invoices from various vendors. In truth, a Sigismondi employee had scanned at least some of the invoices into the computer and then used editing software to change the items and prices

2

listed by the vendors. After Foster alerted State Auto to this issue, State Auto sent Sigismondi a reservation of rights letter, requesting further documentation and highlighting a policy provision stating the policy would be void if any insureds "intentionally conceal or misrepresent a material fact concerning . . . [a] claim under this policy." App. 167–70; Supp. App. 74.

State Auto filed suit after further investigation confirmed the alterations. It sought a declaratory judgment that the policy was void. It also requested damages for statutory insurance fraud, 18 Pa. Cons. Stat. § 4117; common law fraud; and reverse bad faith. Sigismondi counterclaimed for statutory bad faith. At the summary judgment stage, Sigismondi initially claimed its misrepresentations were not material. It later obtained leave to address a recent decision in *Commonwealth v. Risoldi*, 238 A.3d 434 (Pa. Super. Ct. 2020). Sigismondi then offered new arguments: that the altered invoices were not knowingly made to contain false or misleading information and that they were not, in fact, misleading. The District Court determined these new arguments were forfeited and the misrepresentations were material, so it granted summary judgment to State Auto on its declaratory judgment action and statutory insurance fraud claim. *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc.*, 533 F. Supp. 3d 268, 275 & n.3, 278–79 (E.D. Pa. 2021). The Court also declined to vacate its prior order dismissing Sigismondi's counterclaim. *Id.* at 278–79.

3

II[1]

Sigismondi's appeal of the summary judgment for State Auto is based on its argument that there are genuine disputes of material fact as to whether the edited invoices were knowingly made to be false or misleading, whether they were misleading at all, and whether they were material—necessary elements of both the declaratory judgment and statutory fraud causes of action.[2] *See* 18 Pa. Cons. Stat. § 4117(a)(2); Supp. App. 74.

A

Sigismondi offers two somewhat intertwined contentions: that it did not *knowingly or in bad faith* provide false or misleading information by submitting the altered invoices, and that the invoices themselves were not in fact misleading. *See* 18 Pa. Cons. Stat. § 4117(a)(2); Supp. App. 74. The company argues it submitted the invoices only to allow the adjusters to identify items and vendors—not prices. Sigismondi insists this should have been clear because the invoices were dated after the water-damage incident.

Sigismondi has forfeited these arguments. In its initial summary judgment briefing, Sigismondi framed its argument entirely in terms of materiality. It was not until Sigismondi was given leave to address *Risoldi* that it shifted focus to the other elements of the cause of action. That was too late. The District Court granted leave to address

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

[2] The statutory fraud claim also requires that Sigismondi acted with the intent to defraud. *See* 18 Pa. Cons. Stat. § 4117(a)(2). Because Sigismondi does not dispute the District Court's conclusion that the company acted with the requisite intent, it has forfeited any argument to the contrary. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

4

*Risoldi*'s impact on the materiality question before the Court; it was not an invitation to raise new arguments that could have been raised sooner. *See State Auto*, 533 F. Supp. 3d at 275 n.3. The District Court thus correctly concluded that Sigismondi forfeited these arguments. *Id.*; *see Bruni v. City of Pittsburgh*, 941 F.3d 73, 84 n.11 (3d Cir. 2019). Regardless, it's hard to imagine how the invoices—which were doctored to include prices that did not come from the vendor—were anything but knowingly made to include false or misleading information. *See Risoldi*, 238 A.3d at 455 n.21 ("A fabricated receipt created by a consumer and presented as an official document from a retailer, without the retailer's knowledge, constitutes false or misleading information … .").

B

Sigismondi also argues that any misrepresentations were not material because the invoices would not be the final word on value—Foster would conduct his own inquiry into prices based on the items and vendors. *See* 18 Pa. Cons. Stat. § 4117(a)(2); Supp. App. 74. We disagree.

Sigismondi provided the altered invoices in response to a request for "invoice support" or other "documentation for the value claimed." Supp. App. 257–58. Its argument that the invoices, to which it added prices, were relevant only for information about items and vendors is thus contradicted by undisputed evidence. And because this exchange of information was part of an effort to determine the value of the insured items, the falsified invoices that indicated prices charged by vendors were undoubtedly material. *See Risoldi*, 238 A.3d at 455 n.21 ("[F]abricated receipt[s] … certainly would be material to [an] insurance claim."); *see also Rohm & Haas Co. v. Cont'l Cas. Co.*, 781 A.2d 1172,

5

1179 (Pa. 2001) (stating that information is material "[w]hen knowledge or ignorance of [that] information would influence the decision of an insurer").

Reviewing the record in the light most favorable to Sigismondi, *see Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014), the altered invoices were material. So the District Court properly granted State Auto summary judgment on its declaratory judgment and statutory insurance fraud claims.

## III

As Sigismondi recognizes, our affirmance of declaratory relief in favor of State Auto dooms Sigismondi's counterclaim for statutory bad faith. Because the policy was void, it did not cover Sigismondi's damaged inventory. It follows that State Auto cannot be liable for bad faith denial of the claim. *See USX Corp. v. Liberty Mut. Ins. Co.*, 444 F.3d 192, 202 (3d Cir. 2006).

**\* \* \***

For the reasons stated, we will affirm.